## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

THOMAS MERENDINO,

                  Plaintiff,

                             Civil No. 15-3900(NLH)

   v.

                          **OPINION**

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

_____

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003
     On behalf of Plaintiff

ELIZABETH ANN CORRITORE
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123
     On behalf of Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in

finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, which Plaintiff initially claimed was November 19, 2004, but subsequently amended to December 31, 2006, which is also the date of last insured.  For the reasons stated below, this Court will reverse the ALJ's decision, and remand the matter so that the ALJ can reconsider whether Plaintiff was engaged in substantial gainful activity during his alleged onset date through his date of last insured.[1]

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On April 23, 2012, Plaintiff filed an application for disability benefits, claiming that since December 31, 2006, he has been disabled and unable to work due to three cervical surgeries/fusions, two lumbar surgeries/fusions, multiple level back and neck fusions, chronic pain, thoracic aortic aneurysm, arthritis, depression, hypertension, COPD, chronic small vessel changes in brain, and frequent falls.  Previously, Plaintiff had served as a church minister and business manager.

---

[1] Defendant's brief notes that Plaintiff passed away during the pendency of this appeal.  If this is accurate, Plaintiff's counsel must file a substitution of party pursuant to Fed. R. Civ. P. 25(a).

After a hearing before an ALJ, it was determined that Plaintiff was not disabled.  The ALJ found that Plaintiff was able to perform his past work as a minister and business manager, or in the alternative, he retained the residual functional capacity to perform light work.  Plaintiff appealed the decision.  The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision as final. Plaintiff now seeks this Court's review.

## II.  DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It

3

means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-

medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by

5

application of the proper legal standards.  Sykes, 228 F.3d at
262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983);
Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.    Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes
of an entitlement to a period of disability and disability
insurance benefits as the inability to engage in any substantial
gainful activity by reason of any medically determinable
physical or mental impairment which can be expected to result in
death, or which has lasted or can be expected to last for a
continuous period of not less than 12 months.  See 42 U.S.C. §
1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as
disabled only if his physical or mental impairments are of such
severity that he is not only unable to perform his past relevant
work, but cannot, given his age, education, and work experience,
engage in any other type of substantial gainful work which
exists in the national economy, regardless of whether such work
exists in the immediate area in which he lives, or whether a
specific job vacancy exists for him, or whether he would be
hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)
(emphasis added).

The Commissioner has promulgated regulations for

6

determining disability that require the application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1.   If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2.   If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3.   If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4.   If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5.   Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy.  If he is incapable, he will be found "disabled."  If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof.  See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element

7

of his claim by a preponderance of the evidence.  See id.  In
the final step, the Commissioner bears the burden of proving
that work is available for the Plaintiff: "Once a claimant has
proved that he is unable to perform his former job, the burden
shifts to the Commissioner to prove that there is some other
kind of substantial gainful employment he is able to perform."
Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v.
Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

    **C.   Analysis**

    The ALJ issued a detailed decision that articulated his
reasoning, along with supporting record evidence, for why he
found that Plaintiff was not disabled as of December 31, 2006,
which is both the date he claims his disability began, amended
from November 19, 2004, and the last day of his insured status.
After setting forth the medical evidence and Plaintiff's claims,
the ALJ determined that even though Plaintiff suffered from
severe impairments due to the residual effects of multiple
cervical spine and lumbar spine surgeries, the evidence did not
support Plaintiff's claim that he was completely disabled due to
pain and physical impairments as of December 31, 2006.  The ALJ
found that Plaintiff was capable of performing his past work as
a minister and business manager.  In the alternative, the ALJ

found that Plaintiff could perform light or sedentary work, and thousands of jobs existed in the national economy that Plaintiff was capable of performing.

In his appeal, Plaintiff challenges four areas of the ALJ's decision: (1) Whether the ALJ erred in failing to perform a function-by-function analysis as required by SSR 96-8; (2) Whether the ALJ erred in assigning little weight to the opinion of Plaintiff's treating physician, Dr. Petinelli; (3) Whether the ALJ erred in the determination of credibility and failed to consider probative lay-evidence without comment; and (4) Whether the ALJ failed to find a substantial number of the Plaintiff's impairments to be severe impairments, and erred in failing to consider these impairments in the formulation of the RFC even if they were non-severe.

Before the Court can assess substantively whether substantial evidence supports the ALJ's decision on these four issues, the Court finds that the matter must be remanded so that the ALJ can establish concretely the first step in the sequential step analysis – i.e., whether Plaintiff engaged in substantial gainful activity for the 12 months preceding the disability onset date.

The Social Security Act provides that disability insurance

benefits are entitled to:

> Every individual who—
>
> (A) is insured for disability insurance benefits (as determined under subsection (c)(1)),
>
> (B) has not attained retirement age (as defined in section 216(l)),
> . . .
>
> (D) has filed application for disability insurance benefits, and
>
> (E) is under a disability (as defined in subsection (d)).

42 U.S.C. § 423(a).

> The term "disability" means—
>
> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A).

Thus, the law requires that the first step in determining whether an individual is entitled to disability benefits, after confirming that the individual satisfies the other (A) through (D) requirements, is that the individual has not engaged in any substantial gainful activity for twelve months.  In undertaking the step one analysis in this case, the ALJ explained:

> The claimant testified that in 2002, he was self-employed and worked at Gloucester County Community Church. He testified that he was later listed as an employee of the church performing the same duties that he performed when he

was self-employed.  He was a co-pastor of the church.  He was responsible for the financial matters of the church and also the recovery ministries.  He supervised one employee. He oversaw the 12 step programs.  He taught, counseled and preached.

The claimant testified that he earned $30,000.00 in cash as a salary. The other $35,000.00 he earned each year included a housing allowance provided in cash.  He paid no federal taxes on this income or the housing allowance.  He paid federal taxes on the salary.  No FICA taxes were withheld because of the religious connection.  His income was exempt from FICA tax.

The claimant testified that when he worked for Durand Academy, he was the business manager.  He was responsible for the entire accounting function for the school and the church.  He had no pastoral duties there.

The claimant's earnings record reveals that he earned self-employment income in the amount of $27,950.12 in 2004 and $29,951.40 in 2005, $25,386.00 in 2006, and thereafter between 2007 and 2011 his income ranged between $26,257.73 and $28,088.73 each year (Exhibit 8D).  I note that substantial gainful activity as defined by the Agency ranged from $10,800.00 in 2007 to $12,000.00 in 2011.

The undersigned does not make a definitive assessment at this step.  Because the undersigned decided the case on disability grounds, for judicial efficiency, the undersigned does not make a determination whether the claimant's post alleged onset date earnings constitute substantial gainful activity.  Instead, the undersigned assumes, for the purposes of judicial economy, that the work related activity after December 31, 2006 does not constitute substantial gainful activity.  Should this case be returned for additional evaluation, this issue must be revisited and dispositively assessed.

As a result, the undersigned concludes that the claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity.

11

(R. at 20-21.)

Even though the Court appreciates the ALJ's focus on the substance of Plaintiff's impairments, since the assessment of a claimant's impairments constitutes the heart of a disability benefits claim, the Social Security Act prohibits disability benefits from being awarded to a person who has engaged in any substantial gainful activity within 12 months of his alleged disability onset date. 42 U.S.C. § 423(d)(1)(A). This first step in the sequential step analysis, mandated by law, cannot be bypassed without a conclusive determination.

The case law is sparse on this issue, but several courts have noted the requirement of a definitive step one assessment. For example, in Ellis-Clements v. Comm'r of Soc. Sec., No. 2:10-CV-230, 2011 WL 2884870, at *8 (D. Vt. July 18, 2011), the ALJ "inexplicably failed to apply Test One in determining whether Plaintiff engaged in SGA." The Commissioner's appeal brief conceded the ALJ's failure to make a step one determination, but argued that "Plaintiff clearly engaged in SGA because 'the record shows that her countable income for 2009 ... is considered substantial income.'" The court found that the ALJ's "failure to apply Test One is more than a mere technical error which may be cursorily overlooked by the Court," explaining:

> First, it is unclear whether the ALJ or DRB is even
> permitted to omit analysis under Test One and progress
> immediately to analysis under Tests Two and Three.  As
> noted by the District of Delaware, "there is little case
> law on whether the ALJ can skip Test One and find that
> plaintiff did engage in substantial gainful activity under
> Tests Two or Three."  Schlosser v. Astrue, 546 F. Supp. 2d
> at 669 n.7 (citing Hobson v. Apfel, No. Civ. A. 00-346-JJF,
> 2001 WL 34368379, at *6 (D. Del. Feb. 28, 2001)).  Second,
> if anything, the DRB's decision to analyze Plaintiff's
> claim solely under Tests Two and Three implies a finding
> that Plaintiff did not engage in SGA under Test One, given
> that the second and third tests are generally applied only
> where analysis under the first test "clearly establish[es]
> that the self-employed person is not engaging in SGA on the
> basis of significant services and substantial income." SSR
> 83-34, at *9; see Camper v. Sullivan, No. C-88-0721 FMS,
> 1991 WL 352422, at *2 (N.D. Cal. Nov. 6, 1991) ("tests two
> and three need not be considered if test one establishes
> SGA").

Ellis-Clements, 2011 WL 2884870, at *8.

The Ellis-Clements court also noted that the Eighth Circuit has held "there can be no dispute that SSR[s are] binding on the Secretary.  The Secretary's failure to consider its own ruling[s] constitutes a plain abuse of discretion," Carter v. Sullivan, 909 F.2d 1201, 1202 (8th Cir. 1990), and the D.C. Circuit has stated that "an agency's failure to follow its own regulations is fatal to the deviant action," Union of Concerned Scientists v. Atomic Energy Comm'n, 499 F.2d 1069, 1082 (D.C. Cir. 1974).  Ellis-Clements, 2011 WL 2884870, at *3 n.1.

Here, it is apparent by the ALJ's own words that he was uneasy with not making a "definitive assessment" at step one

13

because he cautioned that "[s]hould this case be returned for additional evaluation, this issue must be revisited and dispositively assessed." (R. at 21.) As a court in this District observed when it affirmed the Commissioner's step one denial of a claimant's disability benefits application despite the claimant's argument that he did not need to meet the twelve month durational requirement prior to being entitled to disability benefits,

> If a claimant were entitled to Disability Benefits prior to adjudication of disability based on the belief his or her disability was expected to last twelve months, regardless of his or her participation in substantial gainful activity, the Secretary would automatically skip to step two.  Step one would be rendered extraneous because a determination of disability would always depend on the severity of the illness.  For a claimant to be initially determined disabled, he or she must meet the five step sequential evaluation.  As required by step one, the claimant must not be engaged in substantial gainful activity.

> Monahan v. Sec'y of Health & Human Servs., No. 91-CV-5565,

1993 WL 795258, at *11 (D.N.J. Aug. 9, 1993).

The five-step analysis that an ALJ must employ to assess an individual's claim for disability benefits is sequential for many reasons.  One, it would be a waste of time for an ALJ to painstakingly review a claimant's medical records, hold a hearing, enlist the assistance of a vocational expert, and then write a decision assessing a claimant's impairments and his

14

residual functional capacity to perform work, only to thereafter determine that the claimant did not meet the threshold elements of a proper insured status or a lack of substantial gainful activity during preceding twelve months.  Similarly, it would be a waste of this Court's time – and amount to an advisory opinion – to determine whether to reverse an ALJ's decision or directly award benefits to the claimant if the claimant is not even entitled to benefits in the first place.[2]  Step one performed first purposefully saves administrative and judicial resources.

Another reason for the sequential step analysis is that a finding at step one informs the following four steps.  If a claimant was capable of performing substantial gainful activity within the time frame of his disability benefits claim, that activity would suggest that the claimant was capable of work and not disabled.  In this case, the ALJ notes that Plaintiff received significant income during the period for which he is claiming disability.

Even though Plaintiff and Defendant focus on the substance of the ALJ's decision from steps two through five, both

---

[2] A district court, after reviewing the decision of the Secretary, may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Secretary's decision with or without a remand to the Secretary for a rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

reference the step one issue.  Defendant begins her brief by suggesting that the ALJ did not err in declaring that Plaintiff was not disabled because Plaintiff earned around $66,000 per year until 2012, which evidences his ability to work during the relevant time period.  In response, Plaintiff questions why the ALJ effectively skipped over step one, but argues that he should be given the benefit of the ALJ's action.

The Court cannot sua sponte determine whether Plaintiff satisfies step one - the ALJ must do so, definitively.  The Court must therefore reverse the ALJ's decision, and remand the matter to the ALJ so that he can make the dispositive step one assessment he acknowledged was needed.

## III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff is not totally disabled as of December 31, 2006 must be reversed and remanded because step one of the sequential step analysis must be established prior to the assessment of steps two through five.  An accompanying Order will be issued.


Date: May 27, 2016                    s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.


16